| | |
|---|---|
| ANGELA M. BOURRET,<br><br>      *Plaintiff*<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>      *Defendant* | No. 2:13-cv-334-JAW |

# REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge reviewed records for the wrong period, wrongly discounted the opinions of her treating physician, committed reversible error in failing to find that her mental impairments were serious, and assigned her a residual functional capacity ("RFC") that was not supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

requirements of the Social Security Act for purposes of SSD through December 31, 2011, Finding 1, Record at 23; that she suffered from degenerative disc disease, an impairment that was severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 23-25; that she had the RFC to perform light work except that she could never climb ladders or scaffolds, could only occasionally balance, should never crawl, should avoid frequent overhead work with either extremity, and must be allowed a sit/stand option where she could change position every 20 to 30 minutes, Finding 5, *id*. at 25; that she was unable to perform any past relevant work, Finding 6, *id*. at 28; that, given her age (28 on the amended alleged date of onset of disability, November 1, 2009), at least high school education, work experience, and RFC, and using as a framework the Medical-Vocational Rules of Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid"), there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 28-29; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, from December 15, 2002, through the date of the opinion, August 30, 2012, Finding 11, *id*, at 30. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Incorrect Date of Onset

The plaintiff's initial application alleged a date of onset of disability of December 15, 2002. Record at 20. As the administrative law judge noted, the plaintiff amended her alleged onset date to November 1, 2009. *Id. & id.* at 23, 28 (calculating age as of amended date). However, his final finding was that the plaintiff had not been under a disability since December 15, 2002, the original alleged date of onset. *Id.* at 30. The plaintiff contends that this is "more than a simple procedural, harmless error" because both her physical and her mental symptoms "substantially worsened" after the amended onset date. Itemized Statement at 5.

First, none of the pages of the record cited by the plaintiff in support of this argument demonstrates, as she asserts, that her physical and/or mental symptoms worsened after November 1, 2009, to such an extent that she was "prevented . . . from returning to and sustaining employment at an SGA level" after that date, when before that date she was able to work. *Id. See* Record at 463-64; 477; 482; 881-84; 923-27.

The defendant contends that the use of the original onset date in the final finding in the administrative law judge's opinion is "nothing more than a harmless scrivener's error." Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Oppositions") (ECF No. 14)

at 7. She cites as authority this court's decisions in *Meacham v. Astrue*, Civil No. 09-590-P-S, 2010 WL 4412113, at *6-*7 (D. Me. Oct. 31, 2010), and *Guber v. Astrue*, No. 1:10-cv-172-JAW, 2011 WL 1253888, at *5 (D. Me. Mar. 30, 2011), for general discussions of scrivener's errors. *Id*. at 7-8. While it is highly likely that a scrivener's error occurred in this case, it is not necessary to reach that question in order to resolve the issue before the court.

Even if the plaintiff had demonstrated that her symptoms worsened "substantially" after her amended date of onset, she would not be entitled to remand on this basis. The administrative law judge and the state-agency reviewing physicians considered all of the medical evidence that was before them, not just the evidence dated between the initially-alleged date of onset and the amended date. A large number of courts have rejected the argument made here by the plaintiff under virtually identical circumstances. *See, e.g., Richardson v. Colvin*, No. 13-CV-377S, 2014 WL 3349462, at *6 (W.D.N.Y. July 8, 2014); *Wallace v. Colvin*, No. 2:11-0100, 2014 WL 2117500, at *10 (M.D. Tenn. May 21, 2014); *McGougan v. Commissioner, Soc. Sec.*, Civil Case No. JKB-13-52, 2014 WL 266807, at *1 n.1 (D. Md. Jan. 23, 2014); *Jackson v. Commissioner of Soc. Sec.*, No. 3:11-cv-358, 2012 WL 5497778, at *4-*5 (S.D. Ohio Nov. 13, 2012); *Register v. Astrue*, No. CV-10-2749-PHX-LOA, 2011 WL 6369766, at *13 (D. Ariz. Dec. 20, 2011); *Madcke v. Social Sec. Admin. Comm'r*, No. 3:09-cv-108, 2010 WL 3943953, at *6 (D.N.D. Sept. 10, 2010).

The plaintiff is not entitled to remand on this basis.

### B. Treating Physician

The plaintiff next argues that the administrative law judge should have given an unspecified greater amount of weight to the opinions of her treating pain management specialist, Dayton Haigney, MD, and rejected the opinions of the state-agency physician who reviewed the record, Dr. Chamberlin. Itemized Statement at 5-10. She relies, *id*. at 6-8, on the form provided by her

4

attorney and filled out by Dr. Haigney[2] on which he checks the line for "less than sedentary work" but does not elaborate further, despite the invitation for further explanations on the form, and the line restricting his patient to "work only every other day, not to exceed 12 days in any month." Record at 924, 926.

The plaintiff asserts that the findings of a nurse practitioner who examined her once "provide support for many of Dr. Haigney's limitations and restrictions." Itemized Statement at 8. However, she cites only the nurse practitioner's statement that the plaintiff's "uncontrolled chronic pain syndrome" could "lead to uncontrolled truancy during periods of acute flare ups."[3] *Id*. That opinion provides support, at most, for only two of Dr. Haigney's limitations and restrictions: that the plaintiff could not consistently complete a normal workday and workweek without interruptions from physical symptoms and that she would miss more than four days a month from work. Record at 924.

The administrative law judge assigned little weight to Dr. Haigney's opinions.

> As for the opinion evidence, Dayton Haigney, M.D., provided a treating source statement regarding the claimant's functional abilities (Exhibit 35F). Dr. Haigney opined that the claimant is capable of less than sedentary work with additional postural and environmental limitations and the need for unscheduled breaks (Id.). The undersigned affords little weight to this opinion, as the evidence does not support the extent of the asserted limitations. The opinion is inconsistent with the evidence, which shows that while the claimant does have reduced range of motion of her cervical spine, she has experienced significant improvement with injections and physical therapy. Further, the opinion is inconsistent with the findings of the consultative examiner and appears to rely very heavily on the subjective report of symptoms of the claimant.

*Id*. at 27.

---

[2] Despite the fact that he is a pain management specialist, Dr. Haigney opines about the plaintiff's mental as well as her physical limitations. Record at 924, 925.
[3] At oral argument, the plaintiff's attorney was unable to cite any evidence in the record of uncontrolled flare-ups of the plaintiff's chronic pain.

The "consultative examiner" is the nurse practitioner mentioned above. She concluded, *inter alia*, that the plaintiff was able to sit, stand, walk, handle objects, hear, speak, and travel; should avoid overhead activity and frequent turning of the neck; and would have difficulty lifting or carrying more than 15-20 pounds. *Id.* at 396. She noted that the plaintiff reported "difficulty with stagnant positions," *id.*, which suggests the need for a sit/stand option. The administrative law judge's RFC limits rather than proscribes overhead work but is otherwise consistent with these findings.

As the defendant points out, Opposition at 10, the plaintiff does not cite any medical evidence in the record, other than one entry in the nurse practitioner's report, to support the levels of the many physical and mental limitations that Dr. Haigney checked on the form. As the First Circuit has pointed out, an administrative law judge is not required to credit a physician's conclusions when they are expressed on a check-box form when those conclusions are not supported by clinical findings. *Rodriguez v. Secretary of Health & Human Servs.,* 46 F.3d 1114 (table), 1995 WL 45781, at *4 (1st Cir. Feb. 7, 1995). That is the situation presented here.

The plaintiff also attacks the opinions of the state-agency physicians upon which the administrative law judge relied, Record at 27, because those physicians used the original, earlier alleged onset date rather than the date that was amended after they submitted their reports. Itemized Statement at 10. However, she proffers no more reason to reject these opinions for this reason than she did when attacking the administrative law judge's opinion on this basis, and I do not find the argument any more persuasive in this context than I did in its earlier incarnation.

Finally, the plaintiff cites *Kittrick v. Astrue*, Civil No. 09-265-BW, 2010 WL 1946321 (D. Me. May 12, 2010), for the proposition that the presence in the record of "at least fifteen additional medical exhibits," Itemized Statement at 8, submitted after the date of Dr. Chamberlin's report,

including the form completed by Dr. Haigney, means that the administrative law judge cannot rely on it.[4] *Id*. at 9-10. The first problem with this argument is that, while the plaintiff's itemized statement lists seven of these exhibits, *id*. at 10, it does not specify what it is about or within each such exhibit that would require the state-agency physicians to come to different conclusions. This is a showing that must be made by the appealing claimant. It is not the court's responsibility to search through the approximately 90 pages listed by the plaintiff in order to determine whether all of that evidence is merely cumulative or one or more pages includes the necessary notice of changed medical circumstances.

*Kittrick* is distinguishable. It did not find the mere presence in the record of medical records not reviewed by the state-agency physicians to require remand. The state-agency physicians' reports in that case predated the amended alleged onset date and the addition to the record of reports of multiple surgeries. 2010 WL 1946321 at *3. Neither of those two situations is present here. Dr. Haigney's form is dated after the dates of the state-agency opinions, but the administrative law judge gave adequate reasons for rejecting most of Dr. Haigney's conclusions. Nothing more is required.

### C. Step 2 Issue

The plaintiff contends that the administrative law judge's finding at Step 2 that her depression and anxiety were not severe "ignores the Plaintiff's psychiatric history" and is "in conflict with the Plaintiff's recent panic attacks . . ., her reports of chronic anxiety/nervousness, her depressed moods and feelings of hopelessness." Itemized Statement at 10-11. Of course, only

---

[4] The plaintiff does not attack on this basis the opinion of Dr. Donald Trumbull, Record at 107-09, upon which the administrative law judge also relied, Record at 27, and which, therefore, must be deemed to provide support for the administrative law judge's RFC. To the extent that she does challenge the report of Dr. Houston concerning her alleged mental impairments on this basis, Itemized Statement at 10, the reasoning applied to her challenge to Dr. Chamberlin's report also applies to that of Dr. Houston.

7

medical evidence may be used to support a finding at Step 2 that an impairment is severe, *e.g.,* *Webber v. Colvin*, No. 2:13-cv-00236-NT, 2014 WL 3530705, at *4 (D. Me. July 15, 2014) and the list offered by the plaintiff thus fails to qualify as evidence.

The plaintiff also fails to support her argument, because she fails to cite any support in the record for the list of elements that she alleges are part of her psychiatric history.[5] Again, it is not the court's role to seek out possible support for a party's position in an administrative record almost 950 pages long.

The plaintiff, nonetheless, contends that this alleged error was not harmless because "a finding of severity would have resulted in the ALJ including in his RFC limitations due to the Plaintiff's symptoms from her severe impairments of posttraumatic stress disorder, nightmares and flashbacks, panic disorder with agoraphobia, adjustment disorder with mixed anxiety and depressed mood, depressive disorder (NOS), including difficulties with concentration and focus, panic attacks, mood lability, and irritability." Itemized Statement at 12-13. It is not clear whether the plaintiff intends this as a list of symptoms or a list of impairments that she contends should have been found to be severe, a list much expanded from the two impairments, depression and anxiety, *id*. at 11, with which she began this section of her itemized statement. At oral argument, the plaintiff's attorney disavowed any intention to rely on alleged impairments other than depression and anxiety in connection with the plaintiff's Step 2 argument. Even without that disavowal, I would not consider any alleged impairment beyond depression and anxiety under the circumstances of this case.

In any event, an administrative law judge is required to include in a claimant's RFC any work-related limitations that are caused by medically determinable impairments, whether or not

---

[5] The defendant asserts that the events listed by the plaintiff as events in her psychiatric history "predate[] the relevant period," Opposition at 15, but similarly provides no supporting citations to the record.

those impairments are severe. *Twitchell v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00298-DBH, 2011 WL 2692960, at *5 (D. Me. July 8, 2011); 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). In this case, the administrative law judge found that the non-severe mental impairments at issue were "medically determinable," Record at 23, and thus, if either caused work-related limitations, those limitations would have been included in the RFC. The plaintiff's assumption that limitations related to non-severe impairments are not included in an RFC is erroneous, and her argument that the failure to find these impairments severe necessarily means that the error, if such it is, cannot be harmless must fail.

Finally, the plaintiff contends that the administrative law judge did not give "great weight" to the findings and opinions of a consulting examiner, Martin Margulis, PhD., despite saying that he did, Record at 24, because Dr. Margulis "diagnosed" several mental impairments and assigned her a Global Assessment of Functioning ("GAF") of 50, opinions that the plaintiff believes would have compelled the inclusion in the plaintiff's RFC of the necessity of additional breaks during the workday that would render her unemployable. Itemized Statement at 11-13.

However, the administrative law judge gave "great weight" only to Dr. Margulis's findings with respect to the plaintiff's lack of "significant cognitive or social limitations." Record at 24. Otherwise, he expressly relied on the opinions of the state-agency reviewing psychologists, *id.* at 27, who reviewed Dr. Margulis's report, *id.* at 129-30, 134, and opined that the plaintiff did not suffer from a severe mental impairment. This is sufficient evidence to support the administrative law judge's conclusion that the plaintiff's mental impairments were not severe, even in the face of Dr. Margulis's conclusion that the plaintiff's GAF was 50, a rating at the high end of a range that indicates "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no

friends, unable to keep a job)." *Johnson v. Colvin*, No. 1:13-cv-00297-JDL, 2014 WL 4181606, at *3 n.5 (D. Me. Aug. 21, 2014) (internal punctuation omitted).

The plaintiff has not demonstrated entitlement to remand on this basis.

### D. Available Jobs

Lastly, the plaintiff argues that the jobs identified by the vocational expert as available to a person with her RFC are not "within her capacity" due to the symptoms of her chronic neck pain, depression, and anxiety disorders. Itemized Statement at 13. She bases this argument on the reports of the nurse practitioner, her own testimony, Dr. Margulis's GAF score, and Dr. Haigney's opinions as reported on the checkmark form. *Id*. at 13-16. However, all of these sources of limitations beyond those included in the administrative law judge's RFC have been raised in connection with the plaintiff's other challenges, and rejected. Thus, this argument is superfluous. If the court were to agree with any of the earlier arguments, remand would be in order on that basis, and this argument would not be reached. If the court disagrees with all of the earlier arguments, as I have recommended, this claim fails as well, because it is entirely based on those arguments.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for*

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

**Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.**

Dated this 1st day of October, 2014.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
